

RICHARDS
LAYTON &
FINGER

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

August 27, 2008

**VIA ELECTRONIC FILING**
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

Re:    *Kenexa Technology, Inc. v. Taleo Corp., C.A. No. 08-387-SLR*

Dear Judge Robinson:

In advance of the Rule 16 scheduling conference set for tomorrow, August 28, 2008 at 10:00 a.m., enclosed for the Court's consideration is a proposed form of scheduling order that has been discussed by the parties and sets forth the parties' respective disagreements on certain items.

As the parties discussed last week with Your Honor during the teleconference on August 21, (*Kenexa BrassRing, Inc. v. Vurv Technology, Inc., C.A No. 08-276-SLR*) the parties have been discussing the subject of consolidation. It is Kenexa's position that the two patent cases (*08-276-SLR* and *Kenexa BrassRing, Inc. v. Taleo Corp., 07-521-SLR*) should be consolidated and follow the scheduling order proposed at the teleconference last week because the actions involve the same patents and because Taleo Corporation has recently completed an acquisition of Vurv Technology, Inc. However, it is Kenexa's position that the present action, which involves state law claims and a different plaintiff than the two patent cases, should not be consolidated with the patent actions.

If Your Honor should have any questions regarding these matters, counsel is available at the Court's convenience. Thank you.

Respectfully,

Frederick L. Cottrell, III (#2555)

FLC:tmb
cc: Thomas C. Grimm, Esquire (via CM/ECF and email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENEXA TECHNOLOGY, INC.,

            Plaintiff

v.

TALEO CORPORATION,

            Defendant.

Civil Action No.:  08- 387-SLR

## [PROPOSED] SCHEDULING ORDER

At Wilmington this ___ day of August, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by <u>September 12, 2008</u>, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

(a) Discovery will be needed on the following subjects:

<u>By Plaintiff</u>:  Defendant's reasons for refusing to allow employees of Plaintiff to have access to a third-party computer system that uses software provided by Defendant; the individuals and/or organizations that Defendant has permitted to access computer systems that use software provided by Defendant; Defendant's practices for limiting access to computer systems using Defendant's software; agreements regarding security measures associated with

Defendant's software; the information that can be accessed by third-party users and/or customers using computer systems that employ Defendant's software; any injuries suffered by Defendant on account of unauthorized use of third-party and/or customer computer systems using Defendant's software; Defendant's communications with Plaintiff, third parties, customers, and/or potential customers regarding Plaintiff, access to Defendant's software, and/or security measures associated with Defendant's software; and Defendant's defenses in this matter.

By Defendant: Plaintiff's allegations and claims; Defendant's defenses; Plaintiff's employees and former employees that have, or have had, access to Defendant's systems or software, including such systems or software being operated at one of Plaintiff's customer sites; customers for whom one or more of Plaintiff's employees or former employees has accessed Defendant's systems or software in order to provide services to that customer; communications, documents, or presentations between Plaintiff and its customers and prospective customers relating to Defendant, Defendant's systems or software, and any agreement, understanding, practice, partnership, alliance, or similar relationship relating to Plaintiff's right, willingness, or ability to use Defendant's systems or software to provide services; Plaintiff's familiarity with, use of, and experience using Defendant's systems or software; the factual bases for Plaintiff's claim that Defendant has prevented Plaintiff from accessing its customers' computer systems; the factual bases for Plaintiff's claim that Defendant has refused to grant access to its systems or software to enhance its negotiation position with regard to other litigation; the factual bases for Plaintiff's claim that Defendant has made misrepresentations regarding its reasons for denying Plaintiff access to Defendant's systems or software; and evidence relating to any damages claimed by Plaintiff.

(b) All discovery shall be commenced in time to be completed by <u>August 21, 2009</u>.

(c) Maximum of <u>thirty (30) interrogatories</u> by each party to any other party.

(d) Maximum of <u>thirty (30) requests for admission</u> by each party to any other party.

(e) Maximum of <u>ten (10) fact depositions</u> by plaintiff and <u>ten (10) fact depositions</u> by defendant.

(f) Each deposition limited to a maximum of <u>seven (7) hours</u> unless extended by agreement of parties or court order.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by [**Plaintiff's Proposal: <u>March 27, 2009</u>; Defendant's Proposal: <u>October 2, 2009</u>**]. Rebuttal expert reports due by [**Plaintiff's Proposal: <u>May 8, 2009</u>; Defendant's Proposal: <u>November 20, 2009</u>**].

(h) **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before [**Plaintiff's Proposal: <u>January 16, 2009</u>; Defendant's Proposal: <u>March 20, 2009</u>**].

4. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **[Plaintiff's Proposal:    September 25, 2009; Defendant's Proposal:    May 21, 2010]**. Responsive briefing shall be served and filed on or before **[Plaintiff' Proposal:  October 23, 2009; Defendant's Proposal:  June 25, 2010]**. Reply briefing shall be served and filed on or before **[Plaintiff's Proposal:  November 13, 2009; Defendant's Proposal:  July 24, 2010]**. No summary judgment motion may be filed more than **ten (10)** days from the date set, above, for filing summary judgment motions without leave of the court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine.** All motions in limine shall be filed on or before **[Plaintiff's Proposal:  January 15, 2010; Defendant's Proposal: September 20, 2010]**. All responses to said motions shall be filed on or before **[Plaintiff's Proposal:  January 22, 2010; Defendant's Proposal: September 27, 2010]**.

8. **Pretrial Conference.** A pretrial conference will be held on **[Plaintiff's Proposal: January 29, 2010; Defendant's Proposal:  October 4, 2010]**, at _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a two-week jury trial commencing on **[Plaintiff's Proposal:  March 1, 2010; Defendant's Proposal: November 1, 2010]**, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing

pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Sue L. Robinson
　　　　　　　　　　　　　　　　　　　　United States District Judge