

Steven J. Fineman
302-651-7592
Fineman@rlf.com

September 2, 2008

The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

      Re:   *Kenexa Technology, Inc. v. Taleo Corp.*
            C.A. No. 08-387-SLR

Dear Judge Robinson:

    Enclosed is a Scheduling Order reflecting the dates agreed upon by the parties and discussed with Your Honor during the scheduling conference conducted in this matter on Thursday, August 28, 2008.

    If Your Honor has any questions regarding the Scheduling Order, counsel remains available at the Court's convenience.

                          Respectfully,

                          Steven J. Fineman (#4025)

SXF:tmb
cc:   Thomas C. Grimm, Esquire (via e-filing and email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENEXA TECHNOLOGY, INC., <br><br> Plaintiff <br><br> v. <br><br> TALEO CORPORATION, <br><br> Defendant. | Civil Action No.: 08- 387-SLR |

## SCHEDULING ORDER

At Wilmington this ___ day of September, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by September 12, 2008, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

 (a) Discovery will be needed on the following subjects:

By Plaintiff: Defendant's reasons for refusing to allow employees of Plaintiff to have access to a third-party computer system that uses software provided by Defendant; the individuals and/or organizations that Defendant has permitted to access computer systems that use software provided by Defendant; Defendant's practices for limiting access to computer systems using Defendant's software; agreements regarding security measures associated with

- 2 -

Defendant's software; the information that can be accessed by third-party users and/or customers using computer systems that employ Defendant's software; any injuries suffered by Defendant on account of unauthorized use of third-party and/or customer computer systems using Defendant's software; Defendant's communications with Plaintiff, third parties, customers, and/or potential customers regarding Plaintiff, access to Defendant's software, and/or security measures associated with Defendant's software; and Defendant's defenses in this matter.

By Defendant: Plaintiff's allegations and claims; Defendant's defenses; Plaintiff's employees and former employees that have, or have had, access to Defendant's systems or software, including such systems or software being operated at one of Plaintiff's customer sites; customers for whom one or more of Plaintiff's employees or former employees has accessed Defendant's systems or software in order to provide services to that customer; communications, documents, or presentations between Plaintiff and its customers and prospective customers relating to Defendant, Defendant's systems or software, and any agreement, understanding, practice, partnership, alliance, or similar relationship relating to Plaintiff's right, willingness, or ability to use Defendant's systems or software to provide services; Plaintiff's familiarity with, use of, and experience using Defendant's systems or software; the factual bases for Plaintiff's claim that Defendant has prevented Plaintiff from accessing its customers' computer systems; the factual bases for Plaintiff's claim that Defendant has refused to grant access to its systems or software to enhance its negotiation position with regard to other litigation; the factual bases for Plaintiff's claim that Defendant has made misrepresentations regarding its reasons for denying Plaintiff access to Defendant's systems or software; and evidence relating to any damages claimed by Plaintiff.

- 3 -

(b) All fact discovery shall be commenced in time to be completed by June 19, 2009.

(c) Maximum of thirty (30) interrogatories by each party to any other party.

(d) Maximum of thirty (30) requests for admission by each party to any other party.

(e) Maximum of ten (10) fact depositions by plaintiff and ten (10) fact depositions by defendant.

(f) Each deposition limited to a maximum of seven (7) hours unless extended by agreement of parties or court order.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by June 30, 2009. Rebuttal expert reports due by August 11, 2009.

(h) **Discovery Disputes**. Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

(i) The Court shall conduct an in-person discovery status conference on January 13, 2009, at 4:30 p.m., the time to be allocated equally among the parties.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before February 20, 2009.

4. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before January 8, 2010. Responsive briefing shall be served and filed on or before February 5, 2010. Reply briefing shall be served and filed on or before February 26, 2010. No summary judgment motion may be filed more than **ten (10)** days from the date set, above, for filing summary judgment motions without leave of the court.

6. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine**. All motions in limine shall be filed on or before May 27, 2010. All responses to said motions shall be filed on or before June 3, 2010.

8. **Pretrial Conference.** A pretrial conference will be held on June 10, 2010, at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial**. This matter is scheduled for a two-week jury trial commencing on June 21, 2010, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

Sue L. Robinson
United States District Judge